JUDGE ABRAMS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------- 14 CV 3249

BOBBY BOOMER,

                            Plaintiff,

          -against-

THE CITY OF NEW YORK; WARDEN JOHN/JANE
DOE # 1; CAPTAIN PHILIPS, Shield # 665;
SUPERVISOR C.O. JOHN/JANE DOE # 1-2; C.O.
JACKSON, ; C.O. HENRY, Shield #18146;
C.O. VELASQUEZ, Shield #8684;  C.O.
ROBERTS Shield #7224; C.O. SMITH, Shield
# 2145; C.O. Noel and C.O. JOHN/JANE DOES
# 1-10 the individual defendant(s) sued
individually and in their official
capacities,

                            Defendants.

----------------------------------------- X

COMPLAINT

RECEIVED
MAY 0 5 2014
U.S.D.C. S.D. N.Y.

Jury Trial Demanded

## PRELIMINARY STATEMENT

     1.     This is a civil rights action in which plaintiff

seeks relief for the violation of plaintiff's rights secured by

42 U.S.C. §§ 1983 and 1988 and the fourth, Fifth, Eighth, and

Fourteenth Amendments to the United States Constitution, and the

laws of the State of New York.  Plaintiff's claims arise from an

incidents that arose on or about February 6, 2013 and March 24,

2013.  During the incident, the City of New York, and members of

the New York City Department of Correction ("DOC") subjected

plaintiff to, among other things, excessive force, failure to

protect, retaliation, deliberate indifference, denial of medical

care, conspiracy, assault, battery, negligence, intentional and

negligent infliction of emotional distress, negligent hiring, supervision, training, retention, and instruction of employees, and implementation and continuation of an unlawful municipal policy, practice, and custom.  Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and attorney's fees, pursuant to 42 U.S.C. § 1988, and such other and further relief as the Court deems just and proper.

### JURISDICTION & VENUE

2.     This action is brought pursuant to 42 U.S.C. § 1983, and the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3.     Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide claims arising under state law.  Plaintiff's notice of claim was duly filed on defendant City of New York within 90 days of the incident at issue.  More than 30 days have elapsed since such filing and the City of New York has refused to settle plaintiff's claims.  Moreover, this action has been filed within one year and 90 days of the incident that is the basis of this claim.  Plaintiff has made himself available for the 50-H hearing and will continue to do so.

4.    Venue is proper here pursuant to 28 U.S.C. § 1391 because some of the acts in question occurred in Bronx County, and the City of New York is subject to personal jurisdiction in the Southern District of New York.

## PARTIES

5.    Plaintiff Bobby Boomer is a resident of the State of New York, Kings County. At the times of the incident he was a pre-trial detainee housed at the Robert N. Davoren Complex ("RNDC") on Rikers Island, assigned Book & Case Number 1411209374.

6.    At all times referred to herein, defendant City of New York was a municipal corporation organized under the laws of the State of New York, which violated plaintiff's rights as described herein.

7.    At all times alleged herein, defendant City of New York was the employer of the individual defendants, and was responsible for the policies, practices and customs of the DOC, and maintained and operated the RNDC, located at Rikers Island, East Elmhurst, New York.

8.    At all times alleged herein, defendant Warden John/Jane Doe # 1 was a New York City Correction Officer employed at RNDC, or other as yet unknown DOC assignment, who violated plaintiff's rights as described herein.

9.     At all times alleged herein, Captain Philips,
Shield # 665; Supervisor C.O. John/Jane Doe # 1-2; C.O. Jackson;
C.O. Henry, Shield #18146; C.O. Velasquez, Shield #8684;  C.O.
Roberts Shield #7224; C.O. Smith, Shield # 2145; C.O. Noel and
C.O. John/Jane Does # 1-10  were New York City Correction
Officers employed at RNDC, or other as yet unknown DOC
assignment, who violated plaintiff's rights as described herein.

10.     The individual defendant correction officers are
sued in their individual and official capacities.

## STATEMENT OF FACTS

11.     On or about February 6, 2013, and March 24, 2013
at the RNDC, correction officers and supervisors, including upon
information and belief, defendants Warden John/Jane Doe # 1;
Captain Philips, Shield # 665; Supervisor C.O. John/Jane Doe #
1-2; C.O. Jackson; C.O. Henry, Shield #18146; C.O. Velasquez,
Shield #8684;  C.O. Roberts Shield #7224; C.O. Smith, Shield #
2145; C.O. Noel; and C.O. John/Jane Does # 1-10, at times acting
in concert and at times acting independently, committed the
following illegal acts against plaintiff.

12.     On or about February 6, 2013, at approximately
2:50 p.m. a search was being held in the "Four Upper North" Dorm
in the RNDC.

13.     C.O. Jackson asked plaintiff to strip; plaintiff
complied.

4

14.   C.O. Jackson asked plaintiff to place his clothes on the bed; plaintiff complied.

15.   C.O. Jackson asked plaintiff to squat and cough; plaintiff complied.

16.   C.O. Jackson again asked plaintiff to squat and cough; plaintiff complied.

17.   C.O. Jackson again asked plaintiff to squat and cough; plaintiff complied.

18.   Without any basis, C.O. Jackson, grabbed plaintiff, placed his hands around plaintiff's neck and choked plaintiff, and then pushed him into the corner.

19.   C.O. Henry, shield # 18146 and other corrections officers joined the attack and punched and kicked plaintiff.

20.   Other corrections officers from the "ESU" came and took plaintiff to the intake area.

21.   Plaintiff was in pain and requested medical treatment, but his request was denied.

22.   Plaintiff did not receive medical treatment until February 7, 2014.

23.   After being beaten, the officers who beat plaintiff and other officers acting in concert and pursuant to a conspiracy to cover up their illegal actions, prepared false reports, and notices of infraction, stating that plaintiff had committed various infractions.

24.   On February 13, 2013 a hearing was held, and all charges were dismissed.

25.   In his hearing report and notice of disciplinary disposition, the hearing officer dismissed the charges, citing, conflicting statements regarding location and documentation.

26.   On or about March 24, 2013, at approximately 5:00 P.M. plaintiff, and other inmates/detainees were in the day room watching a basketball game.

27.   Captain Philips, shield #665, entered the day room, carrying a pair of medal handcuffs.

28.   Captain Philips mistreated plaintiff and the other detainees.

29.   In addition, C.O. Roberts, Shield #7224, grabbed plaintiff, twisted his arm and pushed him into a small space between the A & B gate.

30.   The other detainee was also pulled into the same space.

31.   Captain Philips, shield #665, struck plaintiff and the other detainee repeatedly in the head with handcuffs.

32.   C.O. Philips, shield #7700, asked Captain Philips shield #665, to stop, but she continued to swing the handcuffs hitting both plaintiff and the detainee with the handcuffs.

33.   C.O. Vasquez, shield #8684, handcuffed plaintiff.

34.    After plaintiff was handcuffed, Captain Philips, shield # 665, ordered a correction officer to administer a chemical agent, but the correction officer refused.

35.    After the correction officer refused to administer the chemical agent, Captain Philips, shield # 665, grabbed the correction officer's chemical agent dispenser and sprayed plaintiff and the other detainee.

36.    The A gate opened and the other detainee was taken out of the A gate, by the corrections officers.

37.    The B gate opened, and plaintiff went to the ground in front of the shower area near the pantry.

38.    While handcuffed and on the ground, the corrections officers, hit plaintiff with batons, kicked him and stomped him.

39.    A deputy Warden screamed "Stop, the Cameras, we will have our playtime later!"

40.    C.O. Roberts, Shield # 7224, picked plaintiff up by his handcuffs, and took him to the hallway in front of 4 Main South.

41.    C.O. Smith Shield # 2145, then took plaintiff to an area where there are no cameras and smacked him.

42.    Plaintiff was then taken to the intake area.

43.   Plaintiff was injured and in pain, but in order to cover up their abuse and mistreatment, plaintiff was not provided medical treatment until the next day.

44.   After the beating, the officers acting in concert, and pursuant to a conspiracy signed numerous false reports and a notice of infraction, stating that plaintiff had committed various infractions.

45.   Plaintiff was sentenced to the "Box" for 141 days.

46.   On April 16, 2013, plaintiff through counsel filed a notice of claim.

47.   Upon information and belief, in retaliation for filing his notice of claim and to cover-up their illegal, unconstitutional conduct, the officers acting in concert and pursuant to a conspiracy, falsely and maliciously told the Bronx County District Attorney's Office that plaintiff had committed a crime; and based on the these false allegations the Bronx County District Attorney's Office initiated a prosecution against plaintiff, under Docket Number 2013BX031268.

48.   To cover up their misconduct, defendants, intentionally, knowingly and purposely provided false statements and information to cause plaintiff to be prosecuted.

49.   The defendants initiated the above-stated malicious prosecution against plaintiff.

50.    The defendants lacked probable cause to believe
the above-stated malicious prosecution could succeed.

51.    The defendants, acted with malice to cover up
their illegal and unconstitutional conduct by initiating the
above-stated malicious prosecution.

52.    The aforesaid events are not an isolated
incident.  Defendants City of New York, Warden John/Jane Doe #
1, Supervisor John/Jane Does # 1-2, have been aware (from
lawsuits, notices of claim and complaints) that many of the
DOC's officers are insufficiently trained on the proper way to
protect detainees, provide medical care, interact with
detainees, and how not to act with deliberate indifference.
Defendants City of New York, Warden John/Jane Doe # 1,
Supervisor John/Jane Does # 1-2 are further aware that such
improper conduct and training has often resulted in a
deprivation of civil rights.  Despite such notice, defendants
City of New York, Warden John/Jane Doe # 1, Supervisor John/Jane
Does # 1-2 have failed to take corrective action.  This failure
caused the officers in the present case to violate plaintiff's
civil rights.

53.    Moreover, defendants City of New York, Warden
John/Jane Doe # 1, Supervisor John/Jane Does # 1-2 were aware
prior to the incident that Captain Philips, Shield # 665; C.O.
Jackson; C.O. Henry, Shield #18146; C.O. Velasquez, Shield

#8684;  C.O. Roberts Shield #7224; C.O. Smith, Shield # 2145;

C.O. Noel; and C.O. John/Jane Does # 1-10 lacked the

objectivity, temperament, maturity, discretion, and disposition

to be employed as officers.  Despite such notice, defendants

City of New York, Warden John/Jane Doe # 1, Supervisor John/Jane

Does # 1-2 have retained these officers, and failed to

adequately train and supervise them.

   54.   At all times defendant City of New York by the

DOC, and its agents, servants and/or employees, negligently,

carelessly, and recklessly trained the individual defendants for

the position of correction officers.

   55.   At all times defendant City of New York by the

DOC, and its agents, servants and/or employees, negligently,

carelessly, and recklessly supervised, controlled, managed,

maintained, and inspected the activities of the individual

defendants.

   56.   At all times defendant City of New York by the

DOC, and its agents, servants and/or employees caused, permitted

and allowed the individual defendants to act in an illegal,

unprofessional, and/or deliberate manner in carrying out their

official duties and/or responsibilities.

   57.   At all times defendant City of New York by the

DOC, and its agents, servants and/or employees negligently,

carelessly, and recklessly retained in its employ, the

individual defendants, who were clearly unfit for their
positions, who acted in an illegal, unprofessional, and/or
deliberate manner in carrying out their official duties and/or
responsibilities.

58.   The occurrence(s) and injuries sustained by
plaintiff, were caused solely by, and as a result of the
negligent, malicious, reckless, and/or intentional conduct of
defendant City of New York, and the DOC, and its agents,
servants and/or employees, as set forth above, without
provocation on the part of plaintiff contributing thereto,
specifically, the reckless manner in which said defendant hired,
trained, supervised, controlled, managed, maintained, inspected,
and retained the individual defendants.

59.   At no time did plaintiff unlawfully resist or
assault any detainee or officer at any time during the above
incidents.

60.   Plaintiff did not engage in prohibited,
suspicious, unlawful, or criminal activity prior to or during
the above incidents.

61.   The individual defendants did not observe
plaintiff engage in prohibited, suspicious, unlawful, or
criminal conduct at any time prior to or during the above
incidents.

62.   At no time prior, during, or after the above incident were the individual defendants provided with information or in receipt of a credible or an objectively reasonable complaint from a third person, that plaintiff had engaged in prohibited, suspicious, unlawful or criminal conduct.

63.   The individual defendants acted in concert committing the above-described illegal acts toward plaintiff.

64.   The defendants acted under pretense and color of state law and within the scope of their employment.  Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of their rights.

65.   As a direct and proximate result of defendants' actions, plaintiff experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

### FIRST CLAIM

#### (UNREASONABLE FORCE)

66.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

67.   The individual defendants' use of force upon plaintiff was objectively unreasonable.

68.   The individual defendant officers did not have an objective and/or reasonable basis to use any degree of force against plaintiff, since plaintiff was unarmed, compliant, and did not resist.

69.   Those defendants who did not touch plaintiff, witnessed these acts, but failed to intervene and protect plaintiff from this conduct.

70.   Accordingly, the defendants are liable to plaintiff for using unreasonable and excessive force, pursuant to 42 U.S.C. § 1983; and the Fourth Amendment to the United States Constitution.

## SECOND CLAIM

### (42 U.S.C. § 1983 CONSPIRACY)

71.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

72.   Defendants are liable to plaintiff because they agreed to act in concert, with each other, to inflict unconstitutional injuries; and committed overt acts done in furtherance of that goal causing damage to plaintiff.

## THIRD CLAIM

### (ASSAULT)

73.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

74.   Among other things as described above, excessive use of force against plaintiff placed him in fear of imminent harmful and offensive physical contacts.

75.   Accordingly, defendants are liable to plaintiff under New York State law for assault.

### FOURTH CLAIM

#### (BATTERY)

76.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

77.   Among other things as described above, defendants' failure to protect and excessive use of force against plaintiff were illegal physical contacts.

78.   Accordingly, defendants are liable to plaintiff under New York State law for battery.

### FIFTH CLAIM

#### (RETALIATION)

79.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

80.   Plaintiff exercised free speech during the incident by, among other things, demanding that the individual defendants explain the basis for their unlawful actions.

81.   Plaintiff's use of free speech was a motivating factor in the individual defendants' decision to falsely arrest plaintiff.

14

82.   Accordingly, the individual defendants are liable to plaintiff under the First Amendment to the United States Constitution.

### SIXTH CLAIM

### (DENIAL OF MEDICAL CARE)

83.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

84.   Defendants are liable to plaintiff because they ignored plaintiff's need for medical treatment for a serious medical issue and/or injury, or delayed such treatment, and the harm occasioned by such an act is redressable under the Fourteenth Amendment to the United States Constitution, and 42 U.S.C. § 1983.

### SEVENTH CLAIM

### (FALSE ARREST UNDER FEDERAL LAW)

85.   Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein

86.   Defendants falsely arrested plaintiffs without consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that plaintiffs had committed a crime.

87.   Accordingly, defendants are liable to plaintiffs for false arrest under 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

15

## EIGHTH CLAIM

### (FALSE ARREST UNDER STATE LAW)

88.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

89.   Defendants falsely arrested plaintiff without consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that plaintiff had committed a crime.

90.   Accordingly, defendants are liable to plaintiff for false arrest under New York State law.

## NINTH CLAIM

### (MALICIOUS PROSECUTION CLAIM UNDER FEDERAL LAW)

91.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

92.   The individual defendants are liable to plaintiff for malicious prosecution because, pursuant to a conspiracy and acting with malice, the defendants initiated a malicious prosecution(s) against plaintiff by knowingly, intentionally, and maliciously providing false statements (including signed complaints and police reports) to prosecutors and/or the court(s), which alleged plaintiff had committed various crimes.

93.   The individual defendants lacked probable cause to believe the above-stated malicious prosecution(s) could succeed.

94.   The individual defendants acted to cover up their illegal and unconstitutional conduct by initiating the above-stated malicious prosecution(s).

95.   The above-stated malicious prosecution(s) caused a sufficient post-arraignment liberty restraint on plaintiffs.

### TENTH CLAIM

### (MALICIOUS PROSECUTION CLAIM UNDER STATE LAW)

96.   Plaintiff repeats and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

97.   The individual defendants are liable to plaintiff for malicious prosecution because, pursuant to a conspiracy and acting with malice, the defendants initiated a malicious prosecution(s) against plaintiff by knowingly, intentionally, and maliciously providing false statements (including signed complaints and police reports) to prosecutors and/or the court(s), which alleged plaintiffs had committed various crimes.

98.   The individual defendants lacked probable cause to believe the above-stated malicious prosecution(s) could succeed.

99.   The individual defendants acted to cover up their illegal and unconstitutional conduct by initiating the above-stated malicious prosecution(s).

## ELEVENTH CLAIM

### (NEGLIGENT SUPERVISION, HIRING, SUPERVISION, MONITORING, TRAINING AND RETENTION OF UNFIT EMPLOYEES)

100.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

101.   Defendant City of New York is liable to plaintiff because the occurrence and injuries sustained by plaintiff, were caused solely by, and as a result of the malicious, reckless, negligent, and/or intentional conduct of defendant City of New York, and the DOC, its agents, servants and/or employees, as set forth above, without provocation on the part of plaintiff contributing thereto, specifically, the negligent and reckless manner in which said defendant hired, trained, supervised, controlled, managed, maintained, inspected, and retained its correction officers.

## TWELFTH CLAIM

### (INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

102.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

103.   That by virtue of the occurrence and defendants, individually and/or by their agents, servants and/or employees, negligently and/or intentionally inflicted emotional harm upon plaintiff.

104.  The defendants' actions against plaintiff were extreme and outrageous and caused plaintiff severe emotional distress.

105.  The defendants breached a duty owed to plaintiff that either unreasonably endangered plaintiff's physical safety, or caused plaintiff to fear for his own safety.

### THIRTEENTH CLAIM

#### (NEGLIGENCE)

106.  Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

107.  Defendants are liable to plaintiff because defendants owed plaintiff a cognizable duty of care as a matter of law, and breached that duty.

### FOURTEENTH CLAIM

#### (FAILURE TO INTERVENE)

108.  Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

109.  Defendants had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights, but they failed to intervene.

110.  Accordingly, the defendants are liable to plaintiff for failing to intervene to prevent the violation of plaintiff's constitutional rights.

### FIFTEENTH CLAIM

## (MONELL CLAIM)

111.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

112.   Defendant City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by plaintiff.

113.   Upon information and belief, defendant City of New York, at all relevant times, was aware that the defendants were unfit officers who have previously committed the acts alleged herein, have a propensity for unconstitutional conduct, or have been inadequately trained.

114.   Nevertheless, defendant City of New York exercised deliberate indifference by failing to take remedial action.   The City failed to properly train, retrain, supervise, discipline, and monitor the individual defendants and improperly retained and utilized them.   Moreover, upon information and belief, defendant City of New York failed to adequately investigate prior complaints filed against the individual defendants.

115.   Further, defendant City of New York was aware prior to the incident that the individual defendants (in continuation of its illegal custom, practice and/or policy) would commit the illegal acts described herein.

116.   In addition, the following are municipal policies, practices and customs: (a) acting with deliberate indifference to a risk of serious injury; (b) failing to protect individuals; and (c) covering up misconduct.

### SIXTEENTH CLAIM

### (RESPONDEAT SUPERIOR)

117.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

118.   The individual defendants were acting within the scope of their employment as New York City Correction Officers when they committed the above described acts against plaintiff, including failing to protect, assaulting, and battering plaintiff.

119.   The City of New York is therefore vicariously liable under New York State law for the aforesaid torts.

**WHEREFORE**, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

      a.    Compensatory damages in an amount to be determined by a jury;

      b.    Punitive damages in an amount to be determined by a jury;

      c.    Costs, interest and attorney's fees, pursuant to 42 U.S.C. § 1988; and

    d.   Such other and further relief as this Court may

deem just and proper, including injunctive and

declaratory relief.

DATED:  New York, New York
        MAY 5, 2014

                ADAMS & COMMISSIONG LLP.
                *Attorneys for Plaintiff*
                65 Broadway Suite 715
                New York, NY 10006-2503
                (212) 430-6590
                martin@amcmlaw.com

                MARTIN E. ADAMS, ESQ